UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MAXWELL VERKUILEN,

    Plaintiff,

v.                                        Case No. 14-C-400

BUSINESS INFORMATION GROUP, INC., et al.,

    Defendants.

---

## DECISION AND ORDER

---

Defendant Business Information Group, Inc. ("BIG") has moved for partial judgment on the pleadings, asserting that the claims alleged in the Plaintiff's complaint are barred by the applicable two-year statute of limitations. For the reasons given below, the motion will be denied.

BIG is engaged in the business of assembling and providing consumer reports, which businesses use in evaluating potential hires. According to the complaint, Plaintiff applied to be an agent at a number of insurance companies, many or all of which relied partly on a report provided by BIG. Some of the information on Plaintiff's report was inaccurate. Specifically, the complaint alleges that the report included criminal charges that had been dismissed, as well as arrest records older than seven years. As a result of this information, Plaintiff alleges he failed to obtain employment. The complaint alleges that the Defendants failed to comply with their obligations under the Fair Credit Reporting Act, 15 U.S.C. § 1681e(b), by failing to follow reasonable procedures to assure accuracy, and by violating 15 U.S.C. § 1681k by failing to provide notice to the Plaintiff that it was reporting information about him to third parties. The complaint also alleges

BIG failed to comply with its obligations under 15 U.S.C. § 1681i by negligently reinvestigating or correcting the information after Plaintiff disputed it. Finally, Plaintiff alleges BIG failed to timely provide him an adequate Notice of Results of Reinvestigation, as required by 15 U.S.C. § 1681i(a)(6).

BIG argues that these claims are time-barred because this lawsuit was not filed until April 7, 2014, long after the violations were discovered. The FCRA contains a two-year statute of limitations, which begins running on "the date of discovery by the plaintiff of the violation that is the basis of such liability." 15 U.S.C. § 1681p. BIG notes that the Plaintiff himself emailed BIG on two occasions, in August and September 2011, to dispute his background reports, and the emails indicate that he possessed copies of those reports as well. Because he delayed filing this lawsuit until April 7, 2014, any claims based on the 2011 reports are time-barred. Similarly, any claims based on how BIG handled his disputes in 2011 are also barred.

The Defendant has relied on materials outside of the complaint to support its motion for partial judgment on the pleadings. In particular, the Defendant cites the emails the Plaintiff sent it in August and September 2011, which the Defendant believes conclusively show the time the Plaintiff discovered the basis for any FCRA claims. Although the emails were not attached to the complaint, the complaint indicates that the Plaintiff "disputed the inaccurate information with each defendant after the insurance companies declined his employment." (ECF No 1 at ¶ 25.) Thus, because the complaint refers to the dispute emails, the Defendant believes they are fairly considered in a motion for judgment on the pleadings.

The allegations of a complaint are normally all that a court may consider in ruling on a motion to dismiss or for judgment on the pleadings. An exception exists if a plaintiff pleads himself

2

out of a claim or if "'documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim.'" *188 LLC v. Trinity Indus., Inc.,* 300 F.3d 730, 735 (7th Cir.2002) (quoting *Wright v. Assoc. Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir.1994)).  Here, the emails are not referred to in the complaint, except for the single reference to the fact that the Plaintiff disputed inaccurate information.  Although arguably the complaint contains an oblique "reference" to the emails, they certainly are not "central to his claim." *Id*.  They might be central to the *defense* the Defendant is presenting, but the substance and timing of any emails he sent to the Defendant are not inherently important to any elements of his claims.  In addition, the statute of limitations is traditionally an affirmative defense not appropriately resolved through motion practice based solely on the pleadings.  "Dismissal under Rule 12(b)(6) was irregular, for the statute of limitations is an affirmative defense. . . . Resolving defenses comes after the complaint stage."  *United States v. N. Trust Co.,* 372 F.3d 886, 888 (7th Cir. 2004).  Accordingly, the motion for judgment on the pleadings is **DENIED**.  The clerk will set the case on the calendar for a telephonic scheduling conference.

Dated this 7th day of December, 2015.

/s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

3